# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JAMESHA BERRYHILL,<br><br>         Defendant. | Case No. 22-CR-106-JPS<br><br><br><br>**ORDER** |

   The above-referenced case was set for a sentencing hearing on November 4, 2022, at which the Court noted the matter of restitution was unresolved and not addressed in the plea agreement. *See* ECF No. 17. The Court subsequently referred this case to Magistrate Judge Stephen Dries to issue a report and recommendation on legal authority for the imposition of restitution, and the amount due, if calculable based on available evidence. ECF No. 18. Magistrate Judge Dries held two hearings on the issue. ECF Nos. 19 and 20.

   Magistrate Judge Dries later issued a report and recommendation, noting that 18 U.S.C. § 3663(a)(1)(A) did not appear to authorize the Court to impose restitution for the offense of conviction in this case, because there were no "victims" of this offense. ECF No. 21 at 1–2. He further noted that restitution "to persons other than the victim of the offense" is authorized under the same statute "if agreed to by the parties in a plea agreement." *Id.* at 2 (quoting 18 U.S.C. 3663(a)(1)(A)). He further reported that the parties agreed to file an amendment to the plea agreement, which would add a provision specifying that Defendant would voluntarily pay restitution to

certain individuals. *Id.* He accordingly recommended that the Court take no action at this time, and noted that the Court could reschedule the sentencing hearing after the parties filed of the amended plea agreement. *Id.* Finally, Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Criminal Procedure 59(b), the parties were advised that written objections to that recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* at 3.

To date, no party has filed such an objection. The Court has considered Magistrate Judge Dries's recommendation and, having received no objection thereto, will adopt it.

The parties have filed an amendment to the plea agreement, ECF No. 22, which specifies that Defendant agrees to pay restitution in the amount of $1,688.55.[1] The Government has also filed a letter indicating the factual basis of this amount. ECF No. 23. In light of the foregoing, the case will be set for a sentencing hearing on **Thursday, January 19, 2023 at 10:00 a.m.**

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report and Recommendation, ECF No. 21, be and the same is hereby **ADOPTED**; and

---

[1] The plea agreement lists the amount as $1688.55. ECF No. 22 at 1. The Government's letter, as well as Defendant's sentencing memorandum filed in advance of the November 4 proceeding, indicate Defendant agreed to pay restitution in the amount of $1688.**58**. ECF Nos. 23 at 1–2 and 16 at 3. The Court will abide by the amount to which the parties have agreed in the plea agreement, and notes that the miniscule difference in these amounts is most likely attributable to a simple typographical error rather than any substantial disagreement between the parties.

**IT IS FURTHER ORDERED** that a sentencing hearing in this case is scheduled for **Thursday, January 19, 2023 at 10:00 a.m.** in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee WI 53202.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge